**CHRISTOPHER E. FAENZA, (SBN: 205680)**
cfaenza@yokasmith.com
**VIVIAN I. RIVERA, (SBN: 299448)**
vrivera@yokasmith.com
**ANDREW K. FIGUERAS, (SBN: 33469)**
afigueras@yokasmith.com
**YOKA | SMITH, LLP**
445 South Figueroa St., 38th Floor
Los Angeles, California 90071
Phone: (213) 427-2300
Fax:    (213) 427-2330
Attorneys for Defendant, REMINGTON LODGING & HOSPITALITY, LLC
(*erroneously named and served as Remington Costa Mesa Employers, LLC*)

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| VALERIE VIERYA,<br><br>            Plaintiff,<br><br>   vs.<br><br>REMINGTON COSTA MESA EMPLOYERS, LLC, HILTON COSTA MESA HOTEL, AND DOES 1- 20,<br><br>            Defendants.<br><br>REMINGTON LODGING & HOSPITALITY, LLC<br><br>            Third-Party Plaintiff<br><br>   vs.<br><br>UNITED SECURITY SERVICES And ROES 1 through 50, inclusive<br><br>            Third-Party Defendants | Case No. 8:23-cv-00644-KK-DFM<br>[Assigned to Hon. Kenly Kiya Kato]<br><br>**STIPULATED FOR PROTECTIVE ORDER;  ORDER THEREON**<br><br>Second Amended Complaint: March 6, 2023<br><br>Trial Date: December 9, 2024 |

**IT IS HEREBY STIPULATED AND AGREED**, by the undersigned attorneys for the respective parties, with regard to material disclosed in the course of the above-

1
STIPULATED FOR PROTECTIVE ORDER; ORDER THEREON

captioned lawsuit, *Valerie Vierya v. Remington Costa Mesa Employers, LLC et al.* ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, proprietary or commercial information of the parties, or medical records ("Confidential Material"), the following procedures shall govern:

1. This Order is meant to encompass all forms of disclosure that may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential". If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel in this Lawsuit and their experts or agents, and the Court.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose. Subject to the terms and conditions set forth herein, any material designated as confidential may be shared with expert witnesses.

4. Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record in this Lawsuit as to: (1) the identity of any person given Confidential Material, and

(2) the identity of the Confidential Material so disseminated (such as by "bate stamp" number). Such record shall be made available to the designation party upon request. Excepted from this provision are persons protected from disclosure pursuant to Code of Civil Procedure section 2034.010, et seq.

6. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of this designation in writing within thirty days after receipt by the designating party of the respective deposition transcript and confidential portion thereof. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangement with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuses to execute a confidentiality agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. With respect to any communications to the Court, including any pleadings, motions or other papers, all documents containing Confidential Material

shall be communicated to the Court either (1) consistent with California Rules of Court, Rules 2.550 and 2.551 or (2) in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words "**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**". All communications shall indicate clearly which portions are designated to be "Confidential". Any communications containing Confidential Material shall be returned to the submitting party upon termination of this Lawsuit (whether by dismissal or final judgment).

10. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

11. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have 30 days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have 30 days in which to make a

motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

12. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangement shall be made by the parties to designate the material "Confidential" in accordance with this Order.

13. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

14. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

15. Within 30 days after termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party or destroyed by counsel of record in possession of same within 90 days following the termination of this lawsuit. Counsel in possession of such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being (1) destroyed by counsel in possession or (2) returned in their entirety pursuant to the terms of this Order. Such representation fully contemplates that returning or destroying counsel has contacted all persons to whom that counsel disseminated Confidential Material, and confirmed that all such material has been returned to disseminating counsel or destroyed.

16. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

IT IS SO ORDERED:

Dated: February 20, 2024

_____
Douglas F. McCormick
United States Magistrate Judge

DATED: February 20, 2024            PAUL LAW OFFICES, PLLC

BY: *Gregory Paul*
_____

GREG PAUL
Attorney for Plaintiff, Valerie Vierya

DATED: February 20, 2024            YOKA | SMITH, LLP

BY: _____

VIVIAN I. RIVERA
Attorney for Defendant, REMINGTON LODGING & HOSPITALITY, LLC (*erroneously named and served as Remington Costa Mesa Employers, LLC*)

# **CONFIDENTIALITY AGREEMENT**

BEING DULY SWORN, I hereby attest the following:

(1) It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order entered in <u>Valerie Vierya v. Remington Costa Mesa Employers, LLC et al.,</u> by the United States District Court Central District of California, Southern Division, Case No. 8:23-cv-00644-KK-DFM.

(2) I have been given a copy of and have read the Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such confidential information, and that I hereby agree to be bound by it.

(3) I further agree that I shall not disclose such confidential information to others, except in accordance with the Protective Order.

(4) It is my understanding that if I fail to abide by the terms of the Protective Order then I may be subject to sanctions imposed by the Court for such a failure.

(5) I hereby consent to the jurisdiction of the Court for the purposes of enforcing the Protective Order.

Dated: _____              _____
                                                                                    Signature


                                                                                    _____
                                                                                    Printed Name